IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN BERNARD and AMANDA BERNARD, HIS WIFE
792 Meixsell Valley Road
Saylorsburg, PA 18353

V.

GIBRALTAR INDUSTRIES
3555 Lake Shore Road
Buffalo, NY 14219

AND

AIR VENT, INC.
4117 Pinnacle Point Drive Suite 400
Dallas, TX 75211

**CIVIL COMPLAINT**

## I. JURISDICTION

Jurisdiction is founded upon diversity of citizenship of the parties pursuant to 28 U.S.C. §1322, in that Plaintiffs Justin Bernard and Amanda Bernard, husband and wife, are citizens and residents of the Commonwealth of Pennsylvania and Defendants are located in the State of New York and the State of Texas with places of business located therein and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

This Court has supplemental jurisdiction over the state law claims in this case pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy.

## II. VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), since the events giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

## III. PARTIES:

1. Plaintiff, Justin Bernard (hereinafter Plaintiff) is an adult individual currently residing 792 Meixsell Valley Road, Saylorsburg, PA 18353. He is married to Amanda Harper with whom he resides.

2. Defendant, Gibraltar Industries (hereinafter Gibraltar) is a corporation and/or other business entity which is the largest manufacturer of ventilation products and accessories in North America, offering a comprehensive line of powered and static ventilation products for attics, foundations and whole house applications. Gibraltar Industries utilizes Air Vent, Inc., to manufacture and/or supply solar powered attic fans. Gibraltar's primary business location is 3556 Lake Shore Road, Buffalo, NY 14219.

3. Defendant, Air Vent, Inc., is a subsidiary corporation owned by Gibraltar, Industries, which manufactures and/or supplies solar powered roof mounted attic fans with a principal place of business located at 4117 Pinnacle Point Drive, Suite 400, Dallas, TX, 75211.

4. On or about March 22, 2016, and prior thereto, Defendant, Gibraltar Industries and/or Air Vent, Inc., developed, designed, manufactured, fabricated, assembled, produced, inspected, marketed, sold, supplied, delivered and distributed and was responsible for placing into the stream of commerce a solar powered roof mounted attic fan, Model SC8BL, black in color, and in turn distributed it to Marvic Supply Company, Inc., which then sold the product to Al Bernard and Sons Roofing Company.

## IV. STATEMENT OF THE FACTS

5. On March 22, 2016, Plaintiff, Justin Bernard, while at 792 Meixsell Valley Road, in Saylorsburg, PA, while attempting to remove from its never before opened packaging the brand new solar powered roof mounted attic fan above described, severely lacerated his left middle finger and left middle finger extensor tendon on the bottom edge of the fan housing which was in a dangerously sharp condition.

6. As a direct result of the injuries sustained, Plaintiff was forced to undergo significant and substantial medical treatment including suturing and splinting and later, due to a resulting mallet deformity, underwent several surgical procedures including DIP joint pinning, subsequent pin removal surgery, all of which developed into a swan neck deformity requiring yet another surgical procedure, namely a spiral oblique retinacular ligament (SORL) procedure.

7. As a factual cause of the conduct of the Defendants, Plaintiff has sustained serious, permanent, and painful injuries, and subsequent deformity to his left middle finger from which he still suffers and will continue to suffer for an indefinite time into the future and, may be permanent in nature despite several surgical procedures.

8. As a further factual cause of the conduct the Defendants, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which Plaintiff may continue to expend and incur for an indefinite time into the future.

9. As a further factual cause of the conduct of the Defendants, Plaintiff has or may suffer loss of earnings and impairment of earning capacity and power, all of which may continue indefinitely into the future.

10. As a further factual cause of the conduct of the Defendants, Plaintiff has suffered physical pain, mental anguish, humiliation and disfigurement and may continue to suffer the same for an indefinite time into the future.

11. As a further result of the Defendants' negligence, Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

12. Plaintiff, Justin Bernard's, injuries are serious and permanent.

13. As a further result of the Defendants' negligence, Plaintiff's wife, Amanda Bernard, has in the past, and may in the future, suffer the loss of her husband's services, society and companionship.

**COUNT I-STRICT LIABILITY**

**PLAINTIFF JUSTIN BERNARD V. GIBRALTAR INDUSTRIES AND AIR VENT, INC.**

13. Plaintiff, Justin Bernard, incorporates by reference each and every of the relevant allegations contained in Paragraphs 1 through 12 as though each were fully and at length set forth herein.

14. At all times relevant hereto, Defendants, and each of them, is/and or was engaged in the business of developing, packaging, manufacturing, fabricating, selling, supplying, assembling, inspecting, maintaining, labeling, packaging, marketing, delivering and/or distributing solar powered roof mounted attic fans and was specifically responsible for placing into the stream of commerce the particular solar powered roof mounted attic fan, Model SC8BL, which product was dangerously defective by having, on the bottom edge of the fan housing, which immediately confronts the user upon first time opening of the box in which the fan is packaged by Defendants, an edge so sharp that it could cause, and did cause, serious injury.

the fan is packaged by Defendants, an edge so sharp that it could cause, and did cause, serious injury.

15. At all times relevant hereto, Defendants, and each of them, including their agents, servants, workmen and/or employees, acting within the scope of their authority and course of their employment, designed, made, sold, supplied, assembled, distributed and maintained in whole or part, the particular solar powered roof mounted attic fan which is the subject matter of this lawsuit and which was specifically referenced in previous paragraphs.

16. The fan housing of the solar powered roof mounted attic fan was in a defective and dangerous condition lacking all necessary elements to ensure its safe use.

17. At all times relevant hereto, Defendants, and each of them, represented that the solar powered roof mounted attic fan could be safely used for its intended purpose.

18. Defendants, and each of them, knew or should have known that the bottom edge of the fan housing was dangerously and defectively sharp and knew or should have known that users of its product, in taking the product from its packaging, would immediately come in contact with this dangerously and defectively sharp fan housing edge, and despite that knowledge, without first inspecting the product for defect, Defendants placed this particular solar powered roof mounted attic fan into the market and/or stream of commerce and represented that users could safely use the product for its intended purpose.

19. It is alleged and therefore averred that there was no substantial or material change in the condition of the product from the time it was designed, manufactured, sold and/or distributed and supplied by the Defendants in this case.

20. At all times relevant, Plaintiff, Justin Bernard, attempted to retrieve the product from its container in the manner intended by the Defendants herein.

21. Defendants knew or had reason to know that the bottom edge of fan housing which immediately confronted any user opening the container in which the solar powered roof mounted attic fan was housed, was likely to be dangerous for its intended use and by reason of a defect or defects.

22. The defective condition of the edge of the fan housing was a substantial factor, proximate cause and/or factual cause of the injuries and damages suffered by Plaintiff.

23. As designer, manufacturer, distributor and supplier, the Defendants were a guarantor of the product's safety and was required therefore to provide every element necessary to make it safe for its intended uses and without any condition that would make it unsafe for its intended use.

24. By designing, manufacturing, packaging, distributing and supplying the solar powered roof mounted attic fan in question with the dangerously sharp bottom edge of the fan housing, the product left Defendants' control in a condition which made it unsafe for its intended use.

WHEREFORE, Plaintiff, Justin Bernard, demands judgment against Defendants, and each of them, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars plus interest, costs and damage for prejudgment delay.

**COUNT II-CONSUMER EXPECTATIONS TEST**

**PLAINTIFF JUSTIN BERNARD V. GIBRALTAR INDUSTRIES AND AIR VENT, INC.**

25. Plaintiff, Justin Bernard, incorporates by reference each and every of the relevant allegations contained in Paragraphs 1 through 24 as though each were fully and at length set forth herein.

26. The condition of the particular solar powered roof mounted attic fan referenced in this Complaint, and the exposed and dangerously sharp edge of the fan housing, was unknowable

and unacceptable to an average ordinary consumer given the nature of the product, the product's intended use and user, and the express and/or implied representations by the manufacturer, seller and supplier relevant to assess the consumer's expectations.

WHEREFORE, Plaintiff, Justin Bernard, demands judgment against Defendants, and each of them, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) plus interest, costs and damage for prejudgment delay.

**COUNT III-RISK BENEFIT TEST**

**PLAINTIFF JUSTIN BERNARD V. GIBRALTAR INDUSTRIES AND AIR VENT, INC.**

27. Plaintiff, Justin Bernard, incorporates by reference each and every of the relevant allegations contained in Paragraphs 1 through 26 as though each were fully and at length set forth herein.

28. In weighing the various design consideration applicable to the bottom edge of the fan housing, a reasonable person would conclude, as did Justin Bernard, the probability and seriousness of harm from the dangerously sharp edge of the fan housing outweighed substantially the burden or costs of taking precautions to reduce or eliminate such risks.

29. Given the excessively dangerous sharpness of the bottom edge of the fan housing, the location of the bottom edge of the fan housing in the packaging materials, and that a user, in opening the package, would first be confronted, in attempting to remove the product from the packaging, with the bottom edge of the fan housing, it is extremely likely that the harm that occurred to Plaintiff would occur.

30. That at the time of design, manufacture, packaging, distribution and supply, there existed alternative safer design that would be easily and feasibly implemented at a reasonable cost with no disadvantage to the value or functionality of the product.

WHEREFORE, Plaintiff, Justin Bernard, demands judgment against Defendants, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars plus interest, costs and damage for prejudgment delay.

**COUNT IV-NEGLIGENCE**

**PLAINTIFF JUSTIN BERNARD V. GIBRALTAR INDUSTRIES AND AIR VENT, INC.**

31. Plaintiff, Justin Bernard, incorporates by reference each and every of the relevant allegations contained in Paragraphs 1 through 30 as though each were fully and at length set forth herein.

32. Plaintiff, Justin Bernard's, injuries were a direct result of the negligence and carelessness of the Defendants, their agents, servants, workmen, and/or employees, acting within the scope of their authority and course of their employment, which in addition to the above allegations, consisted of:

(a) developing, manufacturing, assembling, packaging, selling, supplying, distributing, repairing and/or maintaining the edge of the fan housing in a dangerous, improper, inadequate, and defective manner such that the bottom edge of fan housing remained dangerously sharp;

(b) failing to properly inspect the bottom edge of the fan housing;

(c) failing properly to provide appropriate warnings regarding the dangerously sharp condition of the bottom edge of the fan housing;

(d) improperly allowing or causing the bottom edge of the fan housing to cause injury to expected user;

(e) making, selling and/or supplying the attic fan with an improper design of the bottom edge of the fan housing;

(f) failing properly to anticipate how the user of the attic fan would remove it from its packaging;

(g) failing to inspect or initiate reasonable inspection or testing of the attic fan prior to its leaving Defendants' possession;

(h) improperly allowing the attic fan to injure Plaintiff;

(i) improperly permitting or causing the fan housing to be designed, manufactured, constructed, distributed, and/or supplied in the manner so sharp as to make it unsafe, inadequate, inferior and defective;

(j) improperly producing or placing into the stream of commerce a fan housing which Defendant knew or had reason to know was likely to cause danger to a person situated such as Plaintiff;

(k) improperly permitting or causing the violation of statutes, ordinances, codes, regulations and standards governing the design, manufacture, distribution, sales, supply and/or construction of the attic fan;

(l) failing to properly use due care and acting without due regard for the rights, safety and position of the Plaintiff and in failing to supply the necessary safety features of the attic fan;

(m) failing properly to design, manufacture, fabricate, and assemble the attic fan in order to provide a safe product to the end user;

(n) failing properly to establish and/or follow proper and adequate quality control methods so as to prevent a dangerously defective product to be placed in the stream of commerce;

(o) failing properly to disclose to purchasers and/or end users that the attic fan was defectively and/or unreasonably designed and/or manufactured, thereby making it dangerous to use.

(p) failing to hem the sharp edge of the solar fan housing; and,

(q) failing to eliminate the dangerously sharp edge of the fan housing that it knew or should have known would cause injury.

WHEREFORE, Plaintiff, Justin Bernard, demands damages against Defendants, and each of them, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars plus interest, costs and damage for prejudgment delay.

**DEMAND FOR TRIAL BY JURY**

Plaintiff(s) hereby demand a trial by jury as to all issues raised by these pleadings.

BARATTA, RUSSELL & BARATTA

BY:__________________________
ANTHONY J. BARATTA, ESQUIRE
Attorney for Plaintiffs

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff designates Anthony J. Baratta, Esquire, as trial counsel in this matter.

BARATTA, RUSSELL & BARATTA

BY:__________________________
ANTHONY J. BARATTA, ESQUIRE
Attorney I.D. No. 56287
The Loft at Woodmont
3500 Reading Way
Huntingdon Valley, PA 19006
(215) 914-2222
Attorney for Plaintiff

DATE: 12/15/17

**VERIFICATION**

Justin Bernard hereby verifies that the information contained in the foregoing Civil Action Complaint is based on first-hand information and on information furnished to counsel and obtained by counsel in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The undersigned understands that the statements therein are made subject to the penalties of the Pennsylvania Rules of Civil Procedure relating to unsworn falsification to authorities.

DATED: 12/15/17

JUSTIN BERNARD

**VERIFICATION**

Amanda Bernard hereby verifies that the information contained in the foregoing Civil Action Complaint is based on first-hand information and on information furnished to counsel and obtained by counsel in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The undersigned understands that the statements therein are made subject to the penalties of the Pennsylvania Rules of Civil Procedure relating to unsworn falsification to authorities.

AMANDA BERNARD

DATED: 12/15/17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JUSTIN BERNARD and AMANDA BERNARD, His Wife | : | CIVIL ACTION |
| v. | : | |
| GIBRALTAR INDUSTRIES and AIR VENT, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 12/15/17 | [signature] | Plaintiffs |
| **Date** | **Attorney-at-law** ANTHONY J. BARATTA, ESQ. | **Attorney for** |
| 215-914-2222 | 215-914-2118 | tony@barattarussell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 792 Meixsell Valley Road, Saylorsburg, PA18353

Address of Defendant: Gibraltar Industries-3555 Lake Shore Rd, Buffalo, NY 14219
Air Vent, Inc., 4117 Pinnacle Point Drive Suite 400 Dallas, TX 75211

Place of Accident, Incident or Transaction: 792 Meixsell Valley Road, Saylorsburg, PA 18353

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) ______

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, ANTHONY J. BARATTA, ESQ counsel of record do hereby certify:

XX Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/5/17 ______ 56287
Attorney-at-Law — ANTHONY J. BARATTA, ESQUIRE — Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/15/17 ______ 56287
Attorney-at-Law — ANTHONY J. BARATTA, ESQ. — Attorney I.D.#

CIV. 609 (5/2012)