# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN BERNARD and AMANDA BERNARD | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 17-2361 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| AIR VENT, INC. | : | |
| | : | |
| Defendant | | |

## MEMORANDUM

Presently before the court is Air Vent's motion for leave to file a third-party complaint. (Doc. 21). Plaintiffs have opposed the motion (Doc. 20), and Air Vent filed a reply brief (Doc. 22). The matter is now ripe for disposition. For the reasons set forth below, the motion will be **DENIED**.

### I.   BACKGROUND

Plaintiffs Justin and Amanda Bernard filed a diversity action against defendant Air Vent, Inc. ("Air Vent") seeking to be compensated for injuries allegedly sustained when Justin Bernard removed an Air Vent fan from its packaging. (Doc. 1). Jurisdiction is proper under 28 U.S.C. §1332. In the complaint, plaintiffs seek recovery on theories of strict liability and

negligence[1]. (Doc. 1). Air Vent filed a motion for leave to file a third-party complaint under Federal Rule of Civil Procedure 14(a) ("Rule 14") against Bernard and Sons, Inc. doing business as Bernard and Sons Roofing Company ("Bernard Roofing") on August 31, 2018. (Doc.18). Air Vent alleges that Bernard Roofing provided Justin Bernard with gloves that failed to protect him because of their defective and unreasonably dangerous condition, which resulted in Justin Bernard's injuries. In addition to strict liability, Air Vent alleges claims of contribution and indemnification against Bernard Roofing. Jurisdiction over the contribution and indemnity claims is proper under 28 U.S.C. §1332.

**II.     LEGAL STANDARD**

Rule 14 provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). Moreover, Local Rule 14.1 provides that

---

[1] Plaintiffs' complaint identifies the following four counts: (1) Strict Liability; (2) Consumer Expectations Test; (3) Risk Benefit Test; and (4) Negligence. (Doc. 1). Counts two and three do not state legal claims. The Consumer Expectations and Risk Benefit Test are not individual legal claims. They are methods that a plaintiff may use to prove a product is in "defective condition" under a theory of strict liability in Pennsylvania Tort law. *See Tincher v. Omega Flex, Inc.*, 628 A.3d 328, 335 (Pa. 2014).

> [a] motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

M.D.Pa. L.R. 14.1. However, Local Rule 14.3 also provides that, Local Rule 14.1 may be suspended upon a showing of good cause. *See* M.D.Pa. L.R. 14.3.

The purpose of Rule 14(a) is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought so they expedite the final determination of the rights and liabilities of all the interested persons in one suit." *See Naramanian v. Greyhound Lines, Inc.*, No. 07-4757, 2010 WL 4628096 (E.D.Pa. Nov. 15, 2010). To utilize the procedure of Rule 14, a third-party plaintiff must demonstrate some substantive basis for its claim. *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D.Pa. 1985). Moreover, the Third Circuit has held that:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (citations omitted). Furthermore, in a diversity action, the court must apply state law to determine if a third-party plaintiff has raised a proper substantive basis for its claim. *See*

*Robbins v. Yamaha Motor Corp.*, 98 F.R.D. 36, 38 (M.D.Pa. 1983) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)).

If there is a proper substantive basis for the filing of a third-party complaint, the court must determine if it should permit the filing of the third-party complaint. As such, the court may consider: (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion. *Gonzalez v. Angelus Sanitary Canning Mach. Co.*, No. 09-1455, 2010 WL 4514332, at *2 (M.D.Pa. Nov. 2, 2010).

### III. DISCUSSION

Plaintiffs argue that Air Vent has attempted to plead a claim of "it was him, not me," which is not the purpose of Rule 14. (Doc. 20). Air Vent disagrees with the plaintiffs, arguing, their "proposed third-party complaint clearly sets forth claims for contribution and indemnification . . . ." (Doc. 22, at 2). Indeed, Air Vent's proposed third-party complaint does seek contribution and indemnity from Bernard Roofing. (Doc. 21). Therefore, Air Vent asserts secondary-liability claims, which are cognizable under F.R.Civ.P. 14(a) if Air Vent may be entitled to contribution or indemnity from Bernard Roofing.

### A. Strict Liability

Air Vent's proposed third-party complaint also alleges a strict-liability claim against Bernard Roofing. However, Air Vent has failed to allege an injury to itself resulting from this strict liability claim, and thus lacks standing to bring this claim. Standing "requires allegations—and, eventually, proof—that the plaintiff "personal[ly] suffered a concrete and particularized injury in connection with the conduct about which he [or she] complains." *Trump v. Hawaii*, 136 S.Ct. 2392, 2416 (2018) (citations omitted). Because Air Vent has failed to offer any interpretation, the court can only presume that Air Vent considers itself "injured" by the lawsuit brought by the plaintiffs. Nevertheless, Air Vent has failed to cite any case establishing that this "injury" affords them standing to bring a strict-liability claim against Bernard Roofing. Without standing, the court lacks subject-matter jurisdiction to hear Air Vent' strict-liability claim. Even assuming Air Vent has standing to bring a strict-liability claim, it is not a claim of secondary liability, and thus not permitted under F.R.Civ.P. 14(a).

### B. Indemnification

The question remaining is whether Bernard Roofing may be liable to Air Vent for indemnification and contribution on plaintiffs' underlying claims.

"In Pennsylvania, indemnification is limited to those situations in which [the defendant's] liability is secondary or when an indemnification contract exists." *Pitcavage v. Mastercraft Boat Co.*, 632 F.Supp 842, 845 n.1 (1985) (citing *Builders Supply Co. v. McCabe*, 77 A.2d 368 (Pa. 1951)). "[Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only . . . ." *Builders Supply Co.*, 77 A.2d at 371. Indemnity "is appropriate when a defendant's liability 'arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party." *EQT Production Company v. Tera Services, LLC*, 179 F.Supp.3d 486, 493 (W.D.Pa. 2016) (quoting *Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D.Pa. 2000)) (citations omitted). Indemnity is an equitable remedy designed to shift the "entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault." *City of Wilkes-Barre v. Kaminski Bros., Inc.*, 804 A.2d 89, 92 (Pa.Commw.Ct. 2002). Because the parties have presented no evidence of any contract, relationship, or facts demonstrating Air Vent's secondary liability in the present case, impleader is not appropriate on this claim.

### C. Contribution

Air Vent's remaining claim is contribution.

> Contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both." *Swartz v. Sunderland*, 403 Pa. 222, [224] [sic] (1961). The right of contribution under Pennsylvania law is governed by the Pennsylvania Uniform Contribution Among Tortfeasors Act. 42 Pa. C.S. §§ 8322-8327. Under this statute, contribution is only available among joint tortfeasors. 42 Pa. C.S. § 8324(a). The Act defines joint tortfeasors as "two or more persons jointly or severally liable *in tort* for the same injury to persons or property. . ." 42 Pa. C.S. § 8322 (emphasis added).

*EQT Production Company*, 179 F.Supp.3d at 493 (citations omitted). To be a joint tortfeasor, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Pitcavage*, 632 F.Supp at 846 (quoting *Lasprogata v. Qualis*, 397 A.2d 803, 805 n.4 (Pa.Super.Ct. 1979).

Because Pennsylvania law only allows contribution claims among joint tortfeasors, 42 Pa. C.S. §8324(a), many Pennsylvania cases involving contribution claims turn on the question of whether parties are joint tortfeasors. *See Travelers Indem. Co. v. Stengel*, No. 08-2583, 2011 WL 6739458 at *5 n.1-2 (discussing "two lines of Pennsylvania cases that deal with the issue of joint tortfeasor status), *a'ff'd*, 512 Fed.Appx. 249 (3d Cir. 2013). However, this case does not reach that question. It flows logically that before determining whether parties are joint tortfeasors, rather "joint or

severally liable in tort for the same injury . . . ," 42 Pa. C.S. §8324(a), it must first be established that each party, on its own, is a tortfeasor. A tortfeasor is "someone who commits a tort; a wrongdoer." *Tortfeasor*, *Black's Law Dictionary* (10th ed. 2014). Viewing this inquiry under a pre-trial microscope, we note that because liability has not been established, we cannot truly define a party or parties as a tortfeasor or joint tortfeasors at this stage of litigation. Therefore, the present issue that must be addressed is whether Air Vent, through its third-party complaint, has sufficiently pleaded a claim alleging that Bernard Roofing may be "liable in tort." 42 Pa. C.S. §8322.

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." F.R.Civ.P. 8(a)(2). Now, assuming all of Air Vent's well-pleaded facts are true and disregarding any legal conclusions, our task is to determine whether the facts alleged in the proposed third-party complaint are sufficient to show that Air Vent has a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Considering *Twombly and Iqbal's* construction of Rule 8, we conclude that Air Vent's proposed third-party complaint has not "nudged [their claim]" of contribution "across the line from conceivable to plausible." *Iqbal*, 556 U.S.

at 680 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

Under the most liberal reading of Air Vent's proposed third-party complaint, the only tort liability alleged against Bernard Roofing sounds in strict liability and negligence. Air Vent alleges strict liability against Bernard Roofing under §402A of the Restatement (Second) of Torts. To succeed in a strict-liability matter, "a plaintiff must prove that a seller (manufacturer or distributor) placed on the market a product in a 'defective condition.'" *Tincher*, 104 A.3d 328, 384 (Pa. 2014) "The threshold inquiry in all products liability cases is whether there is a defect." *Riley* 688 A.2d at 224 (citations omitted).

Air Vent has failed to set forth factual allegations sufficient to state a claim for strict liability based upon either a manufacturing or design defect. After learning that Justin Bernard obtained gloves from Bernard Roofing that he was wearing at the time of the accident, Air Vent alleged an all-out pleading assault to join Bernard Roofing to this lawsuit. Without any additional evidentiary support, Air Vent claimed that Bernard Roofing placed a defective product into the stream of commerce, which ultimately led to the plaintiffs' injuries. These allegations are vague and conclusory. At best, Air Vent has sufficiently alleged that Justin Bernard purchased the gloves from Bernard Roofing, but even that allegation is debatable considering plaintiffs

merely admitted Justin "obtained" the gloves and because Justin's father owns Bernard Roofing. Nevertheless, even assuming all of Air Vent's factual allegations are true, they fail to meet the pleading requirements of *Twombly and Iqbal*. As such, the allegations are insufficient to adequately allege a strict liability claim based upon a manufacturer or design defect.

Air Vent has also failed to set forth factual allegations sufficient to state a claim for negligence.

> In Pennsylvania, the elements of a cause of action based upon negligence are: (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard requirement; (3) a causal connection between the conduct and the resulting injury; [and] (4) actual loss or damage resulting to the plaintiff.

*R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005) (citations omitted). The first element in a negligence claim is the duty of care, which is a question of law for the court to decide. *Id.*

> The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

*Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000) (citations omitted). Even assuming the first two *Althaus* factors weigh in favor of

establishing a duty, the remaining three factors weigh so strongly against the imposition of a duty that creating one would defy all bounds of logic. There is no risk imposed with the sale of gloves, and it was not foreseeable that Justin Bernard would use anything other than work or canvas gloves when opening the Air Vent fan since that is what Air Vent's warning stated was proper. By imposing a duty on Bernard Roofing, we would be holding that sellers have an obligation whenever a product they sell is improperly used in defiance of a warning; such a result would be unjust. In this situation, the public's interest is already well-served by requiring sellers to issue warnings on certain dangerous products. Imposing a duty on a seller, like Bernard Roofing, in rare situations when a consumer uses a product in defiance of a warning would not serve the public interest. Air Vent's proposed third-party complaint fails to allege a valid negligence claim against Bernard Roofing because they have failed to allege that Bernard Roofing had a duty of care sufficiently.

Considering Air Vent's failure to plead sufficient facts to support a plausible strict liability or negligence claim against Bernard Roofing, they have no viable contribution claim. Since Air Vent has failed to sufficiently allege a substantive claim in its proposed third-party complaint, impleader under Rule 14 is improper.

## IV. CONCLUSION

Based on the preceding, Air Vent's motion for leave to file a third-party complaint will be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 9, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2361-01.docx